**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

DERRICK LASTER,

   Plaintiff,

  v.

U.S. GOVERNMENT,

   Defendant.

Civil No. 11-6998 (ES)

O P I N I O N

---

**APPEARANCES:**

Derrick Laster, Pro Se
17312045
FTD-P-A 581
Federal Correctional Institution
P.O. Box 2000
Fort Dix, NJ 08640

**SALAS, District Judge**

  Plaintiff, Derrick Laster, filed papers asserting a tort claim against Defendant U.S. Government. The submission was docketed by the Clerk of the Court as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. (Docket Entry No., "D.E.", 1). Along with his submission, Plaintiff filed an affidavit of poverty for use in habeas cases.[1]

---

  [1] Although the Clerk of the Court filed Plaintiff's papers as a habeas petition, it is clear that Plaintiff is asserting a claim under the Federal Tort Claims Act. The Clerk will be directed to correct the docket. Further, because the Federal Tort Claims Act is a civil complaint, it is subject to screening

Based on Plaintiff's affidavit of poverty, Plaintiff's request to proceed in forma pauperis will be granted. However, the Court will dismiss Plaintiff's tort claim against Defendant.

### BACKGROUND

Plaintiff has not filed a form pleading; rather, he filed a letter, stating that he wished to pursue a Tort Claim against the Defendant for $1000.00 "to replace property seized from me." He explains:

> I was being confined at a halfway house for federal inmates located at . . . Newark, New Jersey . . . . I was returned to Federal Bureau of Prisons' custody from the halfway house [in] May 2011. However my property was never returned to me despite my numerous attempts to be sent my property.

See Docket Entry 1, p. 1 of 3. The seized property included "family photos, personal correspondence, clothing, legal documents and correspondence about my pending appeal from my conviction . . . my birth certificates, military personal files and medical records, New Jersey state I.D. card, Social Security card, legal correspondence, various personal affects, prescription eyeglasses and medication and documents for social services on my relief." (Id. at p. 2 of 3).

Plaintiff attaches to his complaint a letter from BOP Regional Counsel acknowledging his "Administrative Tort Claim"

---

under the Prison Litigation Reform Act, as discussed, infra. For the sake of clarity, Mr. Laster will be referred to as "Plaintiff" and the United States will be referred to as "Defendant."

2

received on August 17, 2011, asking for $186.45, and rejecting it "because there does not appear to be any allegations concerning Federal Bureau of Prisons' employee negligence or involvement." Plaintiff was directed to pursue his claim with the U.S. Marshals. See Docket Entry 1-2, p. 1 of 1. The letter from Regional Counsel is dated November 7, 2011. The submission before this Court was filed on November 30, 2011.

## DISCUSSION

### A. Standards for a *Sua Sponte* Dismissal

The Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. 28 U.S.C. § 1915A(a). The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). This action is subject to sua sponte screening for dismissal under both 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) because Plaintiff is proceeding as an indigent and is a prisoner.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the

plaintiff. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 556 U.S. 662 (2009). The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure, which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Citing its opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)(citing Iqbal, 129 S. Ct. at 1948).

The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. See Iqbal, 129 S. Ct. at 1949-50; see also Twombly, 505 U.S. at 555, & n.3; Warren Gen. Hosp. v. Amgen Inc.,

4

643 F.3d 77, 84 (3d Cir. 2011). "A complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler, 578 F.3d at 211 (citing Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)).

B. **The Federal Tort Claims Act**

The Federal Tort Claims Act ("FTCA"), which is codified in multiple sections of Title 28 of the United States Code, "operates as a limited waiver of the United States's sovereign immunity." White-Squire v. U.S. Postal Serv., 592 F.3d 453, 456 (3d Cir. 2010). Under the Act, the United States is liable "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674.

An FTCA plaintiff may sue only the United States, may seek only monetary damages, and may not recover for mental or emotional damages in the absence of physical injury. See 28 U.S.C. § 1346(b) (providing jurisdiction for "civil actions on claims against the United States, for money damages" and providing that incarcerated felons may not bring actions "for mental or emotional injury suffered while in custody without a prior showing of physical injury"). Federal constitutional violations are not cognizable under the FTCA. See F.D.I.C. v. Meyer, 510 U.S. 471, 477-78 (1994).

This Court notes that "[b]ecause the Federal Tort Claims Act constitutes a waiver of sovereign immunity, the Act's established procedures have been strictly construed," Livera v. First Nat'l State Bank of N.J., 879 F.2d 1186, 1194 (3d Cir. 1989), and although § 2675(a) mandates that an FTCA action "shall not be instituted upon a claim against the United States for money damages ... unless the claimant shall have first presented the claim to the appropriate Federal agency," its companion § 2675(b) further specifies that an FTCA action "shall not be instituted for any sum *in excess of the amount of the claim presented to the federal agency ....*" Id. at § 2675(a)-(b) (emphasis added). The Third Circuit has recently held that "[b]ecause the requirements of presentation and a demand for a sum certain are among the terms defining the United States's consent to be sued, they are jurisdictional." White-Squire v. U.S. Postal Serv., 592 F.3d 453, 457 (3d Cir. 2010).

Thus, a plaintiff suing under the FTCA must present the offending agency with notice of the claim, including a "sum certain" demand for monetary damages. See White-Squire, 592 F.3d at 457. This administrative exhaustion "is jurisdictional and cannot be waived." Lightfoot v. United States, 564 F.3d 625, 627 (3d Cir. 2009) (internal quotation omitted).

6

1. **Exhaustion**

Plaintiff alleges (and his attached exhibit demonstrates) that he sent an Administrative Tort Claim to the BOP. Presentation of the claim to the wrong agency is generally not fatal to an exhaustion attempt, because agencies are required by law to appropriately forward the claims. See Greene v. United States, 872 F.2d 236, 237 (8th Cir. 1989); Bukala v. United States, 854 F.2d 201, 203-04 (7th Cir. 1988). But see Hart v. Dep't of Labor, 116 F.3d 1338, 1341 (10th Cir. 1997).

However, Plaintiff fails to identify what claims were contained in his August 17, 2011 claim, which are therefore potentially exhausted. Further, although Plaintiff asks for $1000.00 in this filing, he only asked for $186.45 in his claim to the BOP. Thus, he has not shown that his claim for $1000.00 has been presented to an agency, or is a "sum certain," which violates § 2675(b), as explained above.

Therefore, as a threshold matter, the complaint must be dismissed for failure to sufficiently allege the jurisdictional basis for Plaintiff's FTCA claim. See Kaufman v. Liberty Mut. Ins. Co., 245 F.2d 918, 920 (3d Cir. 1957) ("The party asserting it has the burden of proving all the jurisdictional prerequisites.").

2.  **Sufficiency of Allegations**

28 U.S.C. § 2680© exempts from the FTCA waiver of sovereign immunity any claim arising with respect to "detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer." In <u>Ali v. Fed. Bureau of Prisons</u>, 552 U.S. 214, 218 (2008), the Supreme Court of the United States held that correctional officers employed by the Federal Bureau of Prisons are "law enforcement officer[s]" within the meaning of this provision. <u>Id.</u> at 218, 227. Thus, any potential claim by Plaintiff for loss of property against BOP officers must be dismissed.

### CONCLUSION

Based on the foregoing, this case will be dismissed, without prejudice, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). If Plaintiff can cure any of the deficiencies as stated in this Opinion, including the jurisdictional exhaustion requirement, he may file a motion to reopen the case.

The accompanying Order will be entered.

_____
ESTHER SALAS
United States District Judge

Dated: